JS 44 (Rev. 2/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TRACY JAMES, Individually and as Administratix of the Estate of Richard James | RONALD DAWLEY; PALMER FISH CO., INC. a/k/a/ PALMER FISH CO. a/k/a PALMER FISH; CONWAY BEAM LEASING INC.; G & C FOOD DISTRIBUTORS & BROKERS, INC. a/k/a G & C FOODS |

| (b) County of Residence of First Listed Plaintiff   Lancaster | County of Residence of First Listed Defendant   Oswego, NY |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Guy H .Brooks and James J. Franklin, McNees Wallace & Nurick LLC, 100 Pine Streat, PO Box 1166, Harrisburg, PA 17108 | Platte Moring, III, White and Williams LLP, 3701 Corporate Parkway, Suite 300, Center Valley, PA 18034 (for Ronald Dawley, Palmer Fish Co., Inc. and G& C Food Distributors & Brokers, Inc.)  Conway Leasing Attorney Unknown |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
    Plaintiff

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☐ 2  U.S. Government
    Defendant

☒ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care /<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other<br><br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | **IMMIGRATION:**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
    Proceeding

☐ 2  Removed from
    State Court

☐ 3  Remanded from
    Appellate Court

☐ 4  Reinstated or
    Reopened

☐ 5  Transferred from
    Another District
    *(specify)*

☐ 6  Multidistrict
    Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332(a)(1)

Brief description of cause:
Diversity jurisdiction suit arising out of fatal accident involving two tractor-trailers

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

## VIII. RELATED CASE(S)
IF ANY

*(See instructions):*

JUDGE   N/A

DOCKET NUMBER

| DATE<br>10/02/2014 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

## FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Tracy James, Individually and as Administratix of the Estate of Richard James | : | CIVIL ACTION |
| v. | : | |
| Ronald Dawley; Palmer Fish Co, Inc, a/k/a Palmer Fish Co. a/k/a Palmer Fish; Conway Beam Leasing, Inc.; G & C Food Distributors & Brokers, Inc. a/k/a G & C Foods ∎ | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ☐

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ☐

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ☐

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ☐

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ☑

| 10/2/14 | Guy H. Brooks, Esq. | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 717-237-5384 | 717-260-1651 | gbrooks@mwn.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 675 Ridge Road, Reinholds, PA 17569

Address of Defendant: See attached sheet

Place of Accident, Incident or Transaction: 7500 Block of Morris Court in Allentown, PA
                                            *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                                    Yes☐   No☐ ✓

Does this case involve multidistrict litigation possibilities?                                                                 Yes☐   No☐ ✓
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                                               Yes☐   No☐ ✓

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                                               Yes☐   No☐ ✓

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                                                               Yes☐   No☐ ✓

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                                                               Yes☐   No☐ ✓

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ ✓ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Guy H. Brooks, Esquire                    , counsel of record do hereby certify:

☐ ✓ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10/2/14                                                                      49872
                              Attorney-at-Law                                      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/2/14                                                                      49872
                              Attorney-at-Law                                      Attorney I.D.#

CIV. 609 (5/2012)



Ronald Dawley
3651 Co. Route 4
Oswego, NY 13126

Palmer Fish Co., Inc. a/k/a Palmer Fish Co. a/k/a Palmer Fish
900 Jefferson Road,
Rochester, New York 14623

Conway Beam Leasing Inc.
2674 West Henrietta Road
Rochester, NY 14623

G & C Food Distributors & Brokers, Inc. a/k/a G & C Food Distributors Inc.
3407 Walters Road
Syracuse, NY 13209

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY JAMES, Individually and as Administratrix of the Estate of Richard James,<br>Plaintiff<br><br>v.<br><br>RONALD DAWLEY; PALMER FISH CO., INC. a/k/a/ PALMER FISH CO. a/k/a PALMER FISH; CONWAY BEAM LEASING INC.; G & C FOOD DISTRIBUTORS & BROKERS, INC. a/k/a G & C FOODS,<br>Defendants | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

## Parties

1.     Plaintiff in this matter is Tracy James, Individually and as

Administratrix of the Estate of Richard James ("James").

2.     James is a resident of the state of Pennsylvania, with a current

residential address of 675 Ridge Road, Reinholds, Pennsylvania 17569.

3.     Upon information and belief, Defendant Ronald Dawley

("Dawley") is a resident of the state of New York, with a current residential

address of 3651 Co. Route 4, Oswego, New York 13126.

4.    Upon information and belief, Defendant Palmer Fish Co., Inc. a/k/a Palmer Fish Co. a/k/a Palmer Fish ("Palmer Fish") is a business incorporated in the state of New York with a business address of 900 Jefferson Road, Rochester, New York 14623, and a principal place of business in New York.

5.    Upon information and belief, at all relevant times hereto Dawley was acting as the agent, servant, and/or employee of Palmer Fish, or Palmer Fish was otherwise responsible for Dawley's actions in causing the accident that is the subject of this action.

6.    Upon information and belief, Defendant Conway Beam Leasing Inc. ("Conway") is a business incorporated in the state of New York with a business address of 2674 West Henrietta Road, Rochester, New York 14623, and a principal place of business in New York.

7.    Upon information and belief, at all relevant times hereto Conway owned and/or operated the tractor-trailer driven by Dawley at the time of the accident and oversaw and controlled or did have the ability to oversee and control Dawley's actions.

8.    Upon information and belief, Defendant G & C Food Distributors & Brokers, Inc. a/k/a G & C Foods ("G&C") is a business incorporated in the state of New York with a business address of 3407

Walters Road, Syracuse, New York 13209, and a principal place of
business in New York.

9.    Upon information and belief, at all relevant times hereto Dawley
was acting as the agent, servant, and/or employee of G&C, or G&C was
otherwise responsible for Dawley's actions in causing the accident that is
the subject of this matter.

10.   On the date of this incident, October 4, 2012, the Decedent
Richard James ("Decedent") and James were husband and wife, residing
at 675 Ridge Road, Reinholds, Pennsylvania 17569.

## Jurisdiction and Venue

11.   This Court has jurisdiction over this matter pursuant to 28
U.S.C. § 1332(a)(1), insofar as the matter in controversy exceeds the sum
of $75,000, exclusive of interest and costs, and there is complete diversity
between James and all Defendants.

12.   Venue is proper in this district under 28 U.S.C. § 1391(b)
because a substantial part of the events and omissions giving rise to this
claim occurred in this district.

## Factual Background

13.   On the morning of October 4, 2012, Decedent was driving a
2006 Volvo tractor bearing Illinois license number P603323 with attached

3

trailer bearing Illinois license number T479380, in the eastbound lane along the 7500 block of Morris Court in Allentown, Pennsylvania.

14.    Decedent was 54 years old.

15.    Decedent stopped his tractor-trailer in the eastbound lane of Morris Court and was curbside, outside of the vehicle, at or near the passenger side of the cab.

16.    Decedent activated the rear trailer lights and trailer brakes on his tractor-trailer.

17.    At that time and place, through his negligent, outrageous, and extremely reckless conduct, Defendant Dawley caused the death of Decedent by colliding with Decedent's tractor-trailer, which then ran over Decedent.

18.    At that time and place, Defendant Dawley was driving a tractor-trailer, with 2007 Volvo tractor bearing New York license 84432PA and attached trailer bearing New York license 3781C7 (the "Conway tractor-trailer"), traveling eastbound on Morris Court.

19.    At or about 5:54 a.m. on October 4, 2012, Defendant Dawley was traveling eastbound on Morris Court as he approached the stationary position of Decedent's tractor-trailer.

4

20.    Prior to the collision, and with sufficient time and space to prevent any collision, as he was driving along Morris Court Defendant Dawley saw and noticed Decedent's trailer in front of him on Morris Court.

21.    Despite knowing that Decedent's trailer was in front of him, at that moment Defendant Dawley chose to and did reach down in his truck cab for a soda, took a drink, then reached down again to put the soda back in its place.

22.    As Defendant Dawley drank his soda, he knowingly and intentionally took his eyes and attention from the road and the vehicular traffic in front of and around him.

23.    Defendant Dawley, in his statement to police, admitted to seeing Decedent's trailer in front of him, both before and after reaching for the soda.

24.    As part of an industrial park, the route and specific road on which the accident occurred are routinely and consistently traveled by commercial motor vehicle operators, a fact Dawley previously knew or should have known.

25.    By the time that Defendant Dawley returned his eyes and attention to the road and the vehicular traffic, he was already so close to

Decedent's tractor-trailer that he was unable to avoid Decedent's trailer and crashed into the rear left side of Decedent's trailer.

26.    Dawley did not apply his brakes to stop the Conway tractor-trailer from hitting Decedent's trailer or slow down the Conway tractor-trailer before the collision.

27.    The collision was so violent that it caused the deployment of the airbag in Dawley's tractor and broke its window.

28.    The impact suddenly and without warning propelled Decedent's tractor-trailer forward more than 50 feet.

29.    Following the accident, the Berks-Lehigh Regional Police Department and emergency medical service personnel arrived at the scene of the collision on Morris Court.

30.    Law enforcement personnel located Decedent in the roadway in front of and partially under the tires of his trailer.

31.    A forensic investigation and examination by law enforcement personnel confirmed that Dawley did not apply his brakes before colliding with Decedent's trailer.

32.    The police crash report confirmed that, at the time of the incident, the weather conditions were overcast with no fog and the roadway was dry.

6

33.   The police accident reconstruction report also confirmed that there were no mechanical issues with the Conway tractor-trailer that could have caused or led to the collision.

34.   Decedent subsequently died as a result of the injuries that he suffered in the collision.

## Dawley's Negligence

35.   Defendant Dawley had a duty to exercise reasonable care in the operation of the Conway tractor-trailer.

36.   Defendant Dawley had a duty to operate the Conway tractor-trailer in a safe, prudent and lawful manner.

37.   On October 4, 2012, Defendant Dawley's conduct was negligent, careless, outrageous, and extremely reckless in the operation of the Conway tractor-trailer, including but not limited to in the following respects:

a.   In driving too fast for conditions;

b.   In failing to keep a careful lookout;

c.   In failing to maintain an adequate view of the roadway in front of him;

d.   In failing to maintain control of the vehicle;

7

e.     In failing to pay attention and respond appropriately to the road, traffic, and weather conditions;

f.     In failing to adhere to applicable local, state, and federal laws;

g.     In failing to stop, swerve or slow the vehicle when he knew or should have known that there was a likelihood of crashing into other vehicles;

h.     In permitting his vehicle to crash into the rear of a vehicle that was stopped ahead of him; and,

i.     Violating applicable provisions of the United States Department of Transportation regulations for commercial motor vehicles and/or of the Pennsylvania Motor Code.

38.     Defendant Dawley's conduct was both a substantial factor and directly responsible for the events that injured and ultimately killed Decedent.

39.     Defendant Dawley's negligent, careless, outrageous, and extremely reckless conduct put Decedent at imminent risk for substantial injury and death, both of which did in fact result.

8

40.    Defendant Dawley failed to cease and/or protect Decedent from Dawley's own negligent, careless, outrageous, and extremely reckless conduct.

41.    Defendant Dawley's intentional and knowing actions and inaction demonstrated a willful and wanton disregard for the safety of others, namely Decedent.

42.    Defendant Dawley's outrageous and extremely reckless conduct placed Decedent at great risk of and caused his injury and death, warranting the imposition of punitive damages against Dawley.

## Negligence of Palmer Fish, G&C, and Conway

43.    Upon information and belief, at all times relevant hereto, Dawley was acting as an agent, servant, and/or employee of Palmer Fish and G&C and was acting within the ordinary scope of employment with Palmer Fish and G&C.

44.    Upon information and belief, at all times relevant hereto, Conway owned the tractor-trailer that Defendant Dawley was operating at the time of the accident and Conway oversaw and controlled or had the ability to oversee and control Dawley's actions.

9

45. Upon information and belief, Dawley operated the Conway tractor-trailer with the knowledge, consent, and/or permission of Palmer Fish, G&C, and/or Conway.

46. Upon information and belief, at the time of the accident Dawley was furthering the business and financial interests of Palmer Fish, G&C, and/or Conway.

47. G&C, Palmer Fish, and/or Conway are directly and/or vicariously liable and responsible for Dawley's conduct in causing the accident.

48. Defendant Dawley operated the Conway tractor-trailer with the express or implied knowledge, consent, and permission of G&C, Palmer Fish, and/or Conway.

49. G&C, Palmer Fish, and/or Conway had a duty to exercise reasonable care in entrusting the tractor-trailer to Dawley.

50. G&C, Palmer Fish, and/or Conway had a duty to exercise reasonable care in hiring, retaining, training, and supervising Dawley.

51. The damages set forth herein were caused by, and were the direct and proximate result of, the negligence and carelessness of G&C, Palmer Fish, and/or Conway, including but not limited to:

    a. Negligent hiring of Defendant Dawley;

10

b.      Failure to properly supervise Dawley regarding the

performance of his duties;

c.      Failure to properly train Dawley regarding the

performance of his duties;

d.      Failure to adopt, enact, and employ proper and

adequate safety precautions, procedures, and measures to

ensure the safety of motorists and pedestrians by preventing

and/or controlling the distracted driving of Dawley; and,

e.      Negligent entrustment of a vehicle to Defendant

Dawley.

52.      The negligence set forth above was both a substantial

factor and the direct and proximate cause of Decedent's injuries and

eventual death.

## COUNT I
## Survival
## (Plaintiff v. Ronald Dawley, Palmer Fish Co., Inc., G & C Food
## Distributors & Brokers, Inc., and Conway Beam Leasing Inc.)

53.      Paragraphs 1 through 52 of the Complaint are

incorporated herein by reference.

54.      Plaintiff Tracy James, Individually and as Administratrix of

the Estate of Richard James, brings this survival action pursuant to

20 Pa. C.S. § 3373 and 42 Pa. C.S. § 8302.

11

55.    Decedent did not bring an action for personal injuries arising from or related to this matter during his lifetime, and no other civil action arising from Decedent's death has been commenced against any of the Defendants.

56.    As a direct and proximate result of Defendant Dawley's intentional and/or negligent actions and inaction, Decedent suffered and Defendants are liable to Decedent for damages, including as follows:

a.    Decedent's conscious pain and suffering between the time of his injuries and the time of his death;

b.    Decedent's total future earnings and earning capacity (including Social Security, retirement, and other fringe benefits) less the estimated cost of his personal maintenance; and,

c.    All other relief permitted under Pennsylvania's Survival Act and its interpretative case law.

WHEREFORE, Plaintiff Tracy James, Individually and as Administratrix of the Estate of Richard James, demands judgment against Defendants Ronald Dawley, Conway Beam Leasing Inc., G & C Food Distributors & Brokers, Inc. a/k/a G & C Foods, and Palmer Fish Co., Inc.

12

a/k/a Palmer Fish Co. a/k/a Palmer Fish for compensatory damages in an amount exceeding \$75,000. Plaintiff also demands judgment against Defendant Ronald Dawley for punitive damages. Plaintiff further demands interest and costs, as well as delay damages and all other relief that the Court deems just.

## COUNT II
## Wrongful Death
## (Plaintiff v. Ronald Dawley, Palmer Fish Co., Inc., G & C Food Distributors & Brokers, Inc., and Conway Beam Leasing Inc.)

57.   Paragraphs 1 through 56 are incorporated herein by reference.

58.   Plaintiff Tracy James, Individually and as Administratrix of the Estate of Richard James, brings this action pursuant to 42 Pa. C.S. § 8301 and Pa. R. Civ. P. § 2202(a) as the personal representative of the Decedent, Richard James, on her own behalf and on behalf of those persons entitled by law to recover damages for the wrongful death of Decedent, including Decedent's adult children.

59.   Decedent was survived by his wife, Plaintiff Tracy James, and his adult children.

60.   Decedent did not bring an action for personal injuries arising from or related to this matter during his lifetime, and no other civil action for Decedent's death has been commenced against any of the Defendants.

13

61.   Plaintiff is entitled to recover damages incurred as a direct and proximate result of Defendants' negligent, careless, outrageous, and extremely reckless actions and inaction, as follows:

a.   medical, funeral, and burial/cremation expenses for Decedent;

b.   the deprivation of Decedent's support and livelihood to his wife and children, including but not limited to that part of Decedent's earnings during the probable duration of his life that would have gone for the benefit of his wife and/or children;

c.   the deprivation and loss of Decedent's support, companionship, comfort, counsel, aid, association, care, services, guidance, tutelage, and moral upbringing to his wife and/or children;

d.   costs of Estate Administration; and,

e.   all other relief permitted under Pennsylvania's Wrongful Death Act and its interpretative case law.

14

WHEREFORE, Plaintiff Tracy James, Individually and as

Administratrix of the Estate of Richard James, demands judgment against

Defendants Ronald Dawley, Conway Beam Leasing Inc., G & C Food

Distributors & Brokers, Inc. a/k/a G & C Foods, and Palmer Fish Co., Inc.

a/k/a Palmer Fish Co. a/k/a Palmer Fish for compensatory damages in an

amount exceeding $75,000. Plaintiff also demands judgment against

Defendant Ronald Dawley for punitive damages.  Plaintiff further demands

interest and costs, as well as delay damages and all other relief that the

Court deems just.

McNEES WALLACE & NURICK LLC

Date: October 2, 2014          By

Guy H. Brooks
PA I.D. No. 49672
James J. Franklin
PA I.D. No. 306458
100 Pine Street, P.O. Box 1166
Harrisburg, PA  17108-1166
(717) 232-8000

*Attorneys for Plaintiff*

## **VERIFICATION**

Subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities, I hereby certify that I have acquired knowledge of the alleged facts and circumstances giving rise to this claim and am authorized to execute this Verification on behalf of Plaintiff Tracy James, Individually and as Administratix of the Estate of Richard James and that the statements herein are true and correct to the best of my knowledge, information and belief.

Guy H. Brooks, Esquire

Dated:       October 2, 2014